IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **vs.** | § § | No. 1:18-CR-410-RP |
| **CARLOS ALBERTO ZAMUDIO,** | § § | |
| **Defendant.** | § § | |

## MOTION TO WITHDRAW GUILTY PLEA

CARLOS ALBERTO ZAMUDIO has pleaded guilty pursuant to a written plea agreement and is set for sentencing on September 18, 2020. This matter has been continued several times, both pursuant to the defendant's motion and because of COVID-19. As discussed below, Mr. Zamudio asks to be permitted to withdraw his guilty plea. We ask that this case be set for trial. The government objects to the relief sought in this motion.

### Procedural Background

Mr. Zamudio was arrested on January 22, 2019, pursuant to an indictment filed on December 18, 2018. The indictment charged him with conspiracy to possess with intent to distribute 1 kilogram or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). The statutory range of punishment included a possible term of imprisonment of 5 to 40 years. CJA counsel was appointed. On January 31, 2019, the government withdrew its previously filed motion to detain and Mr. Zamudio was released on conditions.

On October 3, 2019, Mr. Zamudio pleaded guilty before Magistrate Judge Austin. The plea was entered pursuant to a non-cooperating written plea agreement. The plea permitted Mr. Zamudio to plead guilty to a superseding information that omitted a drug quantity, thus eliminating the statutory minimum prison sentence applicable to the indictment. Additionally, pursuant to Fed. R.

**MOTION TO WITHDRAW GUILTY PLEA……………….....……………....…………..PAGE 1**

Crim. P. 11(c)(1)(B), the government agreed to make a non-binding sentencing recommendation of no more than 24 months' imprisonment. On October 30, 2019, the district court accepted Judge Austin's report and recommendation. A presentence investigation was conducted. The PSR, which was filed on November 6, 2019, calculated an advisory sentencing guidelines range of 37 to 46 months' imprisonment based on a final offense level of 21 and criminal history category 1 (zero criminal history points). Mr. Zamudio received a 3-level reduction for acceptance of responsibility. He is statutorily eligible for a 1 to 5-year probation term. On November 14, 2019, current defense counsel was retained and thereafter permitted to substitute into the case. On November 26, 2019, pursuant to defense motion, sentencing was continued to February 13, 2020. Sentencing was then reset by the Court to February 12th. On January 23, 2020, defense counsel submitted an objection to the drug quantity contained in the PSR. Sentencing was continued to April 16th because of a defense-related conflicting court setting. COVID-19 struck in early March. Sentencing is currently set for September 18th.

Mr. Zamudio asks that he be permitted to withdraw his guilty plea and that the Court set this case for trial.

### **Applicable Law and Argument**

Fed. R. Crim. P. 11(d)(2)(B) permits a defendant to withdraw a guilty plea for a "fair and just" reason. Whether a "fair and just" reason exists is within the Court's discretion and is a standard to be applied "liberally." *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). A "fair and just" reason may include any reason "for withdrawing the plea that did not exist when the defendant entered his plea." *Id.*

Mr. Zamudio seeks to withdraw his guilty plea for several reasons. First, he did not adequately understand the evidence against him. Last fall, he met with appointed counsel to review discovery. He was not permitted to take the discovery home. He specifically asked if original recordings were available. He was told they were not. That was incorrect. Retained counsel was provided original recordings,

which were later reviewed with Mr. Zamudio. The difference is significant. The original recordings were made from phone calls in Spanish and constituted the principal evidence against him. There were never any drug seizures or photographs or video evidence of Mr. Zamudio with drugs. Mr. Zamudio speaks Spanish and should have been permitted to listen to his own phone calls. Appointed counsel merely provided Mr. Zamudio with transcripts prepared by agents. However, the transcripts are no substitute for the original recordings heard in chronological order. The transcripts did not make sense to Mr. Zamudio. It would have been easy to play the original recordings for him.

Whenever Mr. Zamudio inquired about the evidence or the recordings, he was met with stiff resistance from appointed counsel. Appointed counsel consistently and forcefully minimized the importance of reviewing discovery. "Take the deal," was his mantra. Appointed counsel clearly believed that a plea was in Mr. Zamudio's best interest. Part of an attorney's job of course is to give advice, but it's equally important to comply with a client's wishes and help a client understand the evidence. Mr. Zamudio felt intimidated by appointed counsel. There was clearly a breakdown in the attorney-client relationship. If Mr. Zamudio had requested substitute counsel, the request likely would have been granted.

Mr. Zamudio eventually realized that the original recordings existed and were produced in discovery. As noted, he and retained counsel have listened to the recordings. Now, Mr. Zamudio has a clear understanding of the evidence and chooses to go to trial. Had Mr. Zamudio heard the recordings prior to pleading guilty, he would not have pleaded guilty. Under these circumstances, he should be permitted to withdraw his guilty plea and go to trial.

Second, the plea agreement was not properly reviewed with Mr. Zamudio. Mr. Zamudio and appointed counsel met for an hour in counsel's office to review the plea agreement. Mr. Zamudio asked to take the plea agreement home. He was told that he could not. That was incorrect; there is no restriction on a client taking a plea agreement home to review it. Additionally, the plea agreement was not

reviewed provision-by-provision like it should have been. In retained counsel's experience, a written plea agreement must literally be read and explained provision-by-provision. In this case, the plea agreement was handed to Mr. Zamudio with an invitation to read it on his own, right there, if he chose to do so, then to sign it. Mr. Zamudio started to read it but was unable to get past the first couple of paragraphs. The factual basis was never reviewed or highlighted. Mr. Zamudio heard the factual basis for the first time at the change-of-plea hearing. He felt pressured by appointed counsel to agree.

Mr. Zamudio and retained counsel have been conferring about withdrawing his guilty plea since November 2019. Indeed, the purpose of retaining counsel was to withdraw the guilty plea. It's been a difficult issue for retained counsel, given the apparently favorable terms of the plea agreement and the distinct (favorable) possibility of a non-custodial sentence under the current deal. Other co-defendants in this case have been given probation. Retained counsel began by educating Mr. Zamudio on the law and the case, and waiting to see if, armed with this knowledge, Mr. Zamudio still wanted to withdraw his guilty plea. He does. Thus, the delay in filing this motion is attributable to defense counsel (i) reviewing his ethical obligations, and (ii) revisiting the issue several times with Mr. Zamudio. Mr. Zamudio has been steadfast in his desire to withdraw his guilty plea. Thus, we ask that the Court not hold the "delay" in filing this motion against him. There are still co-defendants with unresolved cases and it does not appear that granting this motion would prejudice to the government.

WHEREFORE, CARLOS ALBERTO ZAMUDIO, the defendant, respectfully requests that the Court grant this motion and permit him to withdraw his guilty plea and set this case for trial.

Respectfully submitted,

/s/ Victor Arturo Arana
Victor Arturo Arana
Bar No. 24067489
1005 Congress Avenue, Suite 370
Austin, Texas 78701
T: 512-299-1493
F: 512-761-4768
Email: victor@aranalaw.com

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2020, a copy of the foregoing Motion To Withdraw Guilty Plea was filed using the Court's CM/ECF electronic filing system which will provide notice to all registered parties of record.

/s/ Victor Arturo Arana
Victor Arturo Arana