<pre>
 1                 UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                      AUSTIN DIVISION

 3   UNITED STATES OF AMERICA ) Docket No. A 18-CR-410(17) RP
                              )
 4   vs.                      ) Austin, Texas
                              )
 5   CARLOS ALBERTO ZAMUDIO    ) October 3, 2019

 6
                 TRANSCRIPT OF REARRAIGNMENT/PLEA
 7            BEFORE THE HONORABLE ANDREW W. AUSTIN

 8

 9   APPEARANCES:

10   For the United States:    Mr. Mark H. Marshall
                               Assistant U.S. Attorney
11                             903 San Jacinto Boulevard,
                               Suite 334
12                             Austin, Texas 78701

13

14   For the Defendant:        Mr. James R. Young
                               1411 West Avenue, Suite 200
15                             Austin, Texas 78701

16

17   Transcriber:              Ms. Lily Iva Reznik, CRR, RMR
                               501 West 5th Street, Suite 4153
18                             Austin, Texas 78701
                               (512)391-8792
19

20

21

22

23

24

25   Proceedings reported by digital sound recording,
     transcript produced by computer aided-transcription.
</pre>

1          (Proceedings commence at 10:45 a.m.)

2          THE CLERK:  The Court calls the following for

3  guilty pleas:  1:18-CR-169, <u>The United States of America</u>

4  <u>vs. Luis Guevara-Gonzalez</u>.

5          MR. SPARKS:  Grant Sparks for the United States,

6  your Honor.

7          MR. TOLAND:  Steve Toland for Mr.

8  Guevara-Gonzalez, your Honor.

9          THE COURT:  Let's stop right there before you

10  call the other cases.

11          So I just had a conversation, Mr. Guevara, with

12  the attorneys.  There's a motion that your attorney filed

13  yesterday, I believe it was.

14          MR. TOLAND:  Yes, Judge.

15          So we just spoke to Judge Yeakel, we've been in

16  conference with the government, about our motion for

17  temporary release to allow him to attend a biometrics

18  appointment as a condition preceding or a condition with

19  this plea today.

20          THE COURT:  Right.

21          And so, what -- talked to the attorneys about

22  this.  What I explained to your attorney, Mr. Guevara, is

23  that I'm not entirely comfortable with that release

24  motion.  I understand the importance of getting the

25  biometric information with ICE.  The government has

1    indicated and I don't know -- it's your agent?

2         MR. SPARKS:  He is, your Honor.  He's in the

3    courtroom on the back -- back over there.

4         THE COURT:  There he is.  Okay.

5         MR. SPARKS:  Agent Kemerling.

6         THE COURT:  Agent Kemerling from ICE has

7    indicated that he will commit to making sure that that

8    biometric information gets taken.  I don't think it's

9    going to be able to be done on October 4th as currently

10   set, but that he can commit to that.

11        Is that a fair statement?

12        AGENT KEMERLING:  Yes, sir.

13        THE COURT:  Okay.  And so, I think what's going

14   to have to happen is that I'm going to have to deny that

15   motion, but with the understanding that the government

16   will make it happen at some point where it works in the

17   process.  Because the marshals just can't do that and the

18   Court's not comfortable the release without some sort of

19   oversight.

20        MR. TOLAND:  Is there a way -- can we get an

21   agreement on the date of -- like if we had sentencing on a

22   set day that an order signed that would say within

23   requisite amount of hours after that, or something, so

24   that we -- the timing of that is important for procedural

25   remedies that he still is maintaining preparation.  So

1    that's the only way I think we could have -- have

2    reassurances that that could still work.

3            THE COURT:  Let's see what Mr. Sparks says here.

4            MR. SPARKS:  Judge, my understanding is that

5    Judge Yeakel sets the sentencing on a certain day, the

6    fingerprint -- the ASC fingerprint biometrics could be

7    taken within 72 hours.  I don't think the agent's in a

8    position to guarantee 24 hours, but 72 hours seemed like

9    reasonable -- three days.

10           MR. TOLAND:  I just -- that's fine.  I think --

11           THE COURT:  Okay.

12           MR. TOLAND:  I think for purposes of having

13   something in writing that we can rely on and then, we can

14   take procedural steps --

15           THE COURT:  Okay.

16           MR. TOLAND:  -- so we (indiscernible) some time

17   on that, your Honor.

18           THE COURT:  Okay.  Yeah.  So what I think I could

19   say right now on the record is that the government has

20   said that they will commit to getting that done within 72

21   hours of the sentencing.  So we have that on the record at

22   this point.  So.

23           MR. TOLAND:  And then, I could just file a

24   (indiscernible) --

25           THE COURT:  No.

1          MR. TOLAND:  I could file an order later assuming

2   (indiscernible) okay with that, and then, we get that

3   signed and then, we have that and we're more comfortable.

4          MR. SPARKS:  I'd be willing to sign --

5          THE COURT:  Okay.  All right.  Why don't you all

6   go chat about all that, make sure that all still works,

7   and then, I'll get these other three pleas going.

8          MR. SPARKS:  Thank you, Judge.

9          THE COURT:  Appreciate it.

10          All right.  Amanda, if you would call the other

11   ones next.

12          THE CLERK:  Case No. 1:18-CR-410, The United

13   States of America vs. Carlos Zamudio.

14          MR. MARSHALL:  Mark Marshall for the United

15   States on all three cases.

16          MR. YOUNG:  Jim Young for Carlos Zamudio.

17          THE COURT:  Good morning.

18          THE CLERK:  Case No. 1:19-CR-059, The United

19   States of America vs. Irwin Lewis Dukes.

20          MS. HERRING:  Charlotte Herring for Mr. Dukes.

21          THE COURT:  Good morning.

22          THE CLERK:  Case No. 1:19-CR-094, The United

23   States of America vs. Hector Rodriguez Escobar.

24          MR. WANNAMAKER:  Good morning, your Honor.

25          Dan Wannamaker on behalf of Mr. Escobar.

1          THE COURT:  Good morning.

2          Gentlemen, each of you is here for a guilty plea.

3   I'm going to conduct all three of these pleas here at the

4   same time.  We get our record of the proceedings from an

5   audio recording, so there's no way to see who's speaking.

6          So if you would, when I start asking questions

7   here in a moment, if you could always answer those

8   questions in the same order so that it will be clear who's

9   speaking.  So, Mr. Zamudio, if you'd answer first, and

10  then, Mr. Dukes, and then, Mr. Rodriguez.

11         Mr. Dukes, and, Mr. Rodriguez, if you could just

12  make sure you wait for the person answering ahead of you

13  to finish speaking before you start to speak so there will

14  just be one voice speaking at a time on the recording.

15         If each of you could please raise your right hand

16  to be sworn at this time.

17         THE CLERK:  Do you solemnly swear or affirm that

18  the testimony which you may give in the case before the

19  Court shall be the truth, the whole truth, and nothing but

20  the truth, so help you God?

21         DEFENDANT ZAMUDIO:  Yes.

22         DEFENDANT DUKES:  I do.

23         DEFENDANT RODRIGUEZ ESCOBAR:  Yes.

24         THE COURT:  Thank you.

25         Could each of you please state your full name?

1          DEFENDANT ZAMUDIO:  Carlos Alberto Zamudio.

2          DEFENDANT DUKES:  Irvin Lewis Dukes, Jr.

3          DEFENDANT RODRIGUEZ ESCOBAR:  Hector Escboar

4    Rodriguez.

5          THE COURT:  Now, as I said, you're each here for

6    a guilty plea.  Before I take your actual plea, there's a

7    number of rights I need to go through and advise you of.

8    As I go through these with you, if there's any of these

9    rights that you have questions about or if you want me to

10   explain anything in more detail, that's fine.  Don't

11   hesitate to ask questions if you have any.

12          In addition, if you need to speak with your

13   attorney during these proceedings, that's also fine.  Just

14   let me know that you need to do that, we'll take a break

15   so that you and your attorney can speak privately.

16          Do you understand all of that?

17          DEFENDANT ZAMUDIO:  Yes.

18          DEFENDANT DUKES:  Yes, sir.

19          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, your Honor.

20          THE COURT:  Now, the first right I need to cover

21   with each of you is that you each have the right to have

22   this proceeding today, this guilty plea, take place in

23   front of the district judge in your case.  That's Judge

24   Pitman in all three cases.  That is the district judge who

25   has your case on his docket.  He would be the judge that

1  if you were going to go to trial on the case, would

2  preside over that trial.  It's also if you plead guilty

3  today, he'll be the judge that will sentence you.

4          Now, although you've got the right to have Judge

5  Pitman hear your guilty plea, you can also agree, instead,

6  to allow a magistrate judge to hear your plea.  You've

7  each signed a form agreeing to that.

8          Did you discuss that issue with your attorney

9  before you agreed to that?

10          DEFENDANT ZAMUDIO:  Yes.

11          DEFENDANT DUKES:  Yes, sir.

12          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, your Honor.

13          THE COURT:  And you understand you've got that

14  right to have Judge Pitman hear this plea?

15          DEFENDANT ZAMUDIO:  Yes.

16          DEFENDANT DUKES:  Yes, sir.

17          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

18          THE COURT:  And do you agree to allow me to hear

19  the plea, instead?

20          DEFENDANT ZAMUDIO:  Yes.

21          DEFENDANT DUKES:  Yes, sir.

22          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, your Honor.

23          THE COURT:  Counsel, have each of you had a

24  sufficient amount of time to meet with your client and to

25  discuss their case with them?

1          MR. YOUNG:  I have, your Honor.

2          MS. HERRING:  Yes, your Honor.

3          MR. WANNAMAKER:  Yes, your Honor.

4          THE COURT:  And have you explored with your

5   client any defenses that he might have to the case against

6   him?

7          MR. YOUNG:  Yes, sir.

8          MS. HERRING:  Yes, your Honor.

9          MR. WANNAMAKER:  I have, your Honor.

10          THE COURT:  Do you -- have you explained to your

11   client their right to a jury trial and the other rights

12   that go with can that?

13          MR. YOUNG:  Yes, your Honor.

14          MS. HERRING:  I have, your Honor.

15          MR. WANNAMAKER:  Yes, your Honor.

16          THE COURT:  Do you believe your client has a

17   factual as well as a rational understanding of the

18   proceedings against him?

19          MR. YOUNG:  I do, your Honor.

20          MS. HERRING:  Yes, your Honor.

21          MR. WANNAMAKER:  I do, your Honor.

22          THE COURT:  Do you have any doubts as to your

23   client's competence to make a plea today?

24          MR. YOUNG:  No, sir.

25          MS. HERRING:  No, your Honor.

1          MR. WANNAMAKER:  None.

2          THE COURT:  Gentlemen, have you -- any of you

3   ever suffered any injury, medical condition, or anything

4   else, that would prevent you from understanding today's

5   proceedings?

6          DEFENDANT ZAMUDIO:  No, your Honor.

7          DEFENDANT DUKES:  No, sir.

8          DEFENDANT RODRIGUEZ ESCOBAR:  No, your Honor.

9          THE COURT:  And are you taking any medications or

10  anything else today that would affect your judgment or

11  understanding?

12         DEFENDANT ZAMUDIO:  No, sir.

13         DEFENDANT DUKES:  No, sir.

14         DEFENDANT RODRIGUEZ ESCOBAR:  No, sir.

15         THE COURT:  Now, have each you had enough time to

16  meet with your attorney and to speak to your attorney

17  about your case?

18         DEFENDANT ZAMUDIO:  Yes.

19         DEFENDANT DUKES:  Yes, sir.

20         DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

21         THE COURT:  And have you spoken to your attorney

22  about anything that you think it would be important for

23  him or her to know about you or about your case so that

24  they can do a good job representing you?

25         DEFENDANT ZAMUDIO:  Yes.

1           DEFENDANT DUKES:  Yes, sir.

2           DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

3           THE COURT:  And are you satisfied with your

4   attorney's representation of you?

5           DEFENDANT ZAMUDIO:  Yes, sir.

6           DEFENDANT DUKES:  Yes, sir.

7           DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

8           THE COURT:  Now, I believe we have plea

9   agreements in two of the cases?

10          MR. MARSHALL:  Yes, sir.  Zamudio and Escobar.

11          THE COURT:  And I guess there's a conditional

12  plea in Mr. Dukes' case.

13          MS. HERRING:  Yes, your Honor.

14          MR. MARSHALL:  Correct.

15          THE COURT:  Okay.  If you would just briefly

16  summarize the terms of those agreements in Mr. Zamudio's

17  case.

18          MR. MARSHALL:  Mr. Zamudio, the defendant, is

19  going to enter a plea of guilty to a superseding

20  information that charges conspiracy to possess with intent

21  to distribute a mixture or substance that contains a

22  detectable amount of cocaine.  The plea agreement in that

23  case contains the standard language in this district and

24  division, including a waiver of appeal.  It does include a

25  recommendation by the defense and the government under a

1  Rule 11(c)(1)(B) to a 24-month term incarceration.  Other

2  than that, it's a standard agreement.

3          THE COURT:  Twenty-four months is not a maximum,

4  just a 24-month agreement?

5          MR. MARSHALL:  It's a 24-month agreement.  Is

6  that?

7          MR. YOUNG:  Yes, sir.  Our agreement was to not

8  more than 24 months is a max.

9          THE COURT:  Right.

10          MR. YOUNG:  Okay.

11          MR. MARSHALL:  That's exactly correct.  The

12  defendant and the United States agrees to not more than 24

13  months incarceration in this case.

14          THE COURT:  Thank you.

15          Mr. Zamudio, now, the full text of this is set

16  out in writing.  It's been signed by you.

17          Did you read through this before you signed it?

18          DEFENDANT ZAMUDIO:  Yes, sir.

19          THE COURT:  And did you meet with your counsel

20  and go through it with him?

21          DEFENDANT ZAMUDIO:  Yes, sir.

22          THE COURT:  Do you feel like you understand the

23  agreement?

24          DEFENDANT ZAMUDIO:  Yes, sir.

25          THE COURT:  Do you agree to it?

1        DEFENDANT ZAMUDIO:  Yes, sir.

2        THE COURT:  If you could cover the same topic --

3        MR. MARSHALL:  Mr. Dukes is pleading guilty --

4  entering conditional plea to the indictment.  There is no

5  agreement other than that.

6        THE COURT:  Correct.

7        MR. MARSHALL:  It's conditional plea to the

8  indictment with a written factual basis --

9        THE COURT:  It's conditional on taking an appeal

10  of the motion to suppress order?

11        MS. HERRING:  That's correct, your Honor.

12        MR. MARSHALL:  Correct.  That is all in the

13  record and in writing.

14        THE COURT:  Okay.  Mr. Escboar --

15        MR. MARSHALL:  Mr. Escboar is going to plead

16  guilty to a superseding information that charges a zero-20

17  count, charging him with possession with intent to

18  distribute the mixture or substance containing a

19  detectable amount of cocaine.  He's waived appeal with

20  regard to this particular sentence.  There is no agreement

21  as to sentencing in this case.  And the plea agreement

22  contains a factual basis in support of that plea.  That,

23  in summary, is the agreement in this case.

24        THE COURT:  Mr. Escboar, again, the full text of

25  your agreement is set out in writing.

1    Did you either read that or have that translated
2  for you before you signed it?
3    DEFENDANT RODRIGUEZ ESCOBAR:  Yes, your Honor.
4    THE COURT:  And did you meet with Mr. Wannamaker
5  and go over it with him?
6    DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.
7    THE COURT:  Do you understand your agreement?
8    DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.
9    THE COURT:  And do you agree to it?
10   DEFENDANT RODRIGUEZ ESCOBAR:  Yes, your Honor.
11   THE COURT:  Now, there's a couple of things, Mr.
12  Zamudio, and, Mr. Escboar, I need to cover about your plea
13  agreement.  Each of your plea agreements contains a waiver
14  of appeal provision.  By that clause, if the district
15  judge or Judge Pitman accepts your plea agreement, then
16  you'll be giving up your right to either file a direct
17  appeal or file a separate lawsuit, challenging either the
18  fact that you're found guilty of that offense or the
19  sentence that's imposed.
20   The only exception to that would be if you are
21  contending that either your sentence or your conviction
22  was the result of ineffective assistance by your attorney
23  or misconduct by the prosecutor, you've always got the
24  right to raise that issue.  Other than that, though, if
25  the plea agreement's accepted, you will be giving up all

1    of your rights to challenge either your conviction or your

2    sentence.

3           Do you understand that?

4           DEFENDANT ZAMUDIO:  Yes, sir.

5           DEFENDANT RODRIGUEZ ESCOBAR:  Yes, your Honor.

6           THE COURT:  I'm sorry.

7           DEFENDANT RODRIGUEZ ESCOBAR:  Yes, your Honor.

8           THE COURT:  Thank you.

9           And again, is that something, that waiver of

10   appeal that you discussed with your attorney before you

11   agreed to the plea agreement?

12          DEFENDANT ZAMUDIO:  Yes.

13          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, your Honor.

14          THE COURT:  Now, Mr. Zamudio, in your case, as

15   well, there's an agreement that you have with the

16   government about sentencing.  That's a binding agreement

17   between you and the government.  Each of you is bound by

18   that, but importantly, it's not binding on Judge Pitman.

19          So while he'll certainly hear from the government

20   that they've agreed and that they believe the max -- the

21   appropriate sentence would be 24 months or less, he can

22   make his own decision about what he thinks the appropriate

23   sentence is.  And if he were to decide that the sentence

24   should be longer than 24 months, that would not be a

25   reason that would allow you to withdraw from your plea of

1  guilty.

2          Do you understand that?

3          DEFENDANT ZAMUDIO:  Yes, sir.

4          THE COURT:  Now, in both cases, the plea

5  agreement, as a whole, is also something that the judge

6  will review and Judge Pitman could reject your entire plea

7  agreement.  In the event he did that, he'd notify you of

8  that in open court, and then, you would have the right at

9  that time to withdraw from the guilty plea.

10          Do you understand that?

11          DEFENDANT ZAMUDIO:  Yes.

12          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, your Honor.

13          THE COURT:  All right.  Now, in, I believe, both

14  Mr. Zamudio and Mr. Escboar's cases, you're pleading to

15  superseding informations.  An information is just a

16  written document that charges a crime that's been prepared

17  by the prosecutor.  In both cases, the charges before that

18  have been what's called an indictment, which is also a

19  written document charging a crime.

20          The difference is that when there's an

21  indictment, that charge has been presented to a grand

22  jury, and the grand jury has determined that there's at

23  least probable cause to believe that that crime took place

24  and they've returned an indictment.

25          Now, the charge in both of the informations in

1  your cases are felonies; so under the U.S. Constitution,

2  you have the right to require the government to present

3  that charge to a grand jury first, before you have to make

4  a plea to it.  That's something, though, that you can

5  waive.  And you've both signed Waiver of Indictment forms

6  today.

7       Do you understand you've got that right to have

8  the charge presented to a grand jury?

9       DEFENDANT ZAMUDIO:  Yes.

10       DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

11       THE COURT:  And you agree to waive that right and

12  proceed by information today?

13       DEFENDANT ZAMUDIO:  Yes.

14       DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

15       THE COURT:  Okay.  Now, have each of you -- this

16  is for all three of you -- discussed with your attorney

17  the charge that you're here to make a plea to?

18       DEFENDANT ZAMUDIO:  Yes.

19       DEFENDANT DUKES:  Yes, sir.

20       DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

21       THE COURT:  That charge, Mr. Zamudio, is

22  conspiracy to possess with the intent to distribute

23  cocaine, in violation of Title 21, Section 846.

24       Mr. Escboar, it's possession with the intent to

25  distribute cocaine, in violation of Title 21 of the U.S.

1    Code, Section 841.

2          The maximum possible punishment is the same for

3    those two offenses, and that is 20 years of imprisonment.

4    There's no mandatory minimum.  The maximum supervised

5    release term would be three years.  The maximum fine is $1

6    million.  And there is a $100 special assessment, as well.

7          Do each of you understand the -- that charge and

8    what the maximum punishment allowed by statute is?

9          DEFENDANT ZAMUDIO:  Yes, sir.

10          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

11          THE COURT:  Mr. Dukes, the charge in your case is

12    being in possession of a firearm after a felony

13    conviction, in violation of Title 18 of the U.S. Code,

14    Section 922(g)(1).  The maximum sentence allowed by law

15    for that is 10 years of imprisonment.  There's no

16    mandatory minimum.  The supervised release maximum is

17    three years.  The maximum fine allowed is $250,000.  The

18    maximum -- or the guaranteed mandatory $100 special

19    assessment would be imposed.  And then, there could be

20    also an order of forfeiture with regard to the firearm or

21    any accessories or ammunition.

22          Do you understand that charge and the maximum

23    punishment allowed?

24          DEFENDANT DUKES:  Yes, sir.

25          THE COURT:  Now, in all three of the cases, in

1  deciding what sentence to impose, Judge Pitman will

2  consider not only what the statute you're pleading guilty

3  to says, what your plea agreement says, but he'll also

4  look at the general federal sentencing statute and its

5  terms.  That, statute, among other things, is what created

6  the sentencing guidelines.

7        Now, those guidelines are advisory, so that means

8  that Judge Pitman will go through the calculations under

9  those guidelines and from those calculations, arrive at a

10  range of punishment that's recommended, and he'll take

11  that recommended range and do a count in deciding what

12  your sentence should be.

13        But he'll also consider the general sentencing

14  statutes, factors that it sets out.  Those are -- include:

15  the nature and the circumstances of this charge that

16  you're pleading to, your own individual history and

17  characteristics, how serious the crime was, promoting

18  respect for the law, providing just punishment, protecting

19  the public from crime, providing deterrence to crime,

20  providing you with any educational or vocational training

21  or medical treatment that you may need, providing

22  restitution to any victims, and then finally, he'll

23  consider the need to avoid unwarranted differences in the

24  sentences of people who were sentenced for the same sort

25  of conduct.

1    So while Judge Pitman will consider the guideline

2  range recommended, he'll also consider all those other

3  factors; and then, after he considers all of that, he has

4  the power to sentence you anywhere from the minimum to the

5  maximum that the statute you're pleading to allows.

6    As I mentioned before, Mr. Zamudio, and, Mr.

7  Escboar, your ability to appeal your sentence is limited

8  by your plea agreement.

9    Mr. Dukes, you don't have any limit on your right

10  to appeal your sentence, but to have a sentence reversed

11  on appeal, you have to show that it was an unreasonable

12  sentence.

13    Now, have each of you had an opportunity to speak

14  to your attorney about all of that sentencing law and how

15  that might impact your own sentence?

16    DEFENDANT ZAMUDIO:  Yes, sir.

17    DEFENDANT DUKES:  Yes, sir.

18    DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

19    THE COURT:  Do you have any questions that you'd

20  like to ask me today about sentencing before you make the

21  plea?

22    DEFENDANT ZAMUDIO:  No, sir.

23    DEFENDANT DUKES:  No, sir.

24    DEFENDANT RODRIGUEZ ESCOBAR:  No, sir.

25    THE COURT:  Now, you should each understand that

1    the sentence imposed in your case could be ordered to run

2    consecutive to or to be served after you finish serving

3    any other sentence for any other conduct.

4           So if you've got any prior convictions where you

5    haven't fully completed the sentence, if you're on parole,

6    for example, or probation, or if you've got another charge

7    pending that hasn't been sentenced yet, then the sentence

8    in this case could be ordered not to begin to run till you

9    finish serving the sentence in any other case.

10          Do you understand that?

11          DEFENDANT ZAMUDIO:  Yes, sir.

12          DEFENDANT DUKES:  Yes, sir.

13          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

14          THE COURT:  And there is no parole under federal

15   law, so if you're sentenced to any imprisonment, that's

16   the amount of time you've got to serve, although you can

17   earn credit for good time while you're in custody.

18          Do you understand that?

19          DEFENDANT ZAMUDIO:  Yes, sir.

20          DEFENDANT DUKES:  Yes, sir.

21          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

22          THE COURT:  Are you a U.S. citizen?

23          DEFENDANT ZAMUDIO:  Yes, sir.

24          DEFENDANT DUKES:  Yes, sir.

25          DEFENDANT RODRIGUEZ ESCOBAR:  No, sir.

1          THE COURT:  Okay.  So, Mr. Escboar, you

2    understand that in addition to the punishment I've already

3    mentioned, one of the other things that would happen if

4    you plead guilty to this charge is that this is a

5    mandatory deportation charge so that after serving any

6    sentence, you would be removed from the United States.

7          Do you understand that?

8          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

9          THE COURT:  Is there anything about what might

10   happen to your immigration status by pleading guilty today

11   that you have questions about that haven't already been

12   answered for you?

13         DEFENDANT RODRIGUEZ ESCOBAR:  No, sir.

14         THE COURT:  Now, all of the cases, as well, your

15   sentence will include a term of supervised release.

16   That's a period of supervision you have to complete after

17   any imprisonment.  And while you're on supervision, there

18   will be terms and conditions you'll have to comply with

19   that will be set by Judge Pitman and then, supervised by

20   the probation office.

21         Mr. Escboar, those conditions will also include a

22   statement that if you're removed, then that becomes a

23   non-reporting term of supervision: but one of the

24   conditions will state that if you are removed, you're not

25   to return to the United States without permission, and

1    that if you do return, you do so legally and you report to

2    a probation officer immediately.

3            Each of you understand all of that about

4    supervised release?

5            DEFENDANT ZAMUDIO:  Yes, sir.

6            DEFENDANT DUKES:  Yes, sir.

7            DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

8            THE COURT:  Now, if you were to violate any of

9    your conditions of supervision, then that period of

10   supervision could be revoked, and then, you could be

11   sentenced to serve additional imprisonment, and you don't

12   receive credit toward any additional sentence for any of

13   the time you've already spent on supervised release before

14   a revocation happens.

15           Do you understand that?

16           DEFENDANT ZAMUDIO:  Yes, sir.

17           DEFENDANT DUKES:  Yes, sir.

18           DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

19           THE COURT:  Now, do each of you understand you've

20   got the right to plead not guilty to this charge?

21           DEFENDANT ZAMUDIO:  Yes, sir.

22           DEFENDANT DUKES:  Yes, sir.

23           DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

24           THE COURT:  If you made a plea of not guilty,

25   you'd be entitled then to have a jury trial.  At every

1    stage of that trial, you're presumed innocent, and the

2    government has to prove your guilt to the jury beyond a

3    reasonable doubt.  You'll never have to prove your own

4    innocence at a trial.

5         At trial, you have the right to cross-examine any

6    of the government's witnesses.  You've got the right at

7    trial, as well, to present evidence on your side of the

8    case, including having the right to subpoena witnesses and

9    require them to come to court and testify.  Now, although

10   your side of the case at a trial could include your own

11   testimony, importantly, you have the right at a trial not

12   to testify, and the government can't require that you

13   testify at trial.

14        So if you decided to go to trial and then, at

15   your trial to remain silent and not testify, then Judge

16   Pitman would instruct the jury that it could not use the

17   fact that you didn't testify in any way against you in

18   deciding rather or not you were guilty of the charge.

19        So, in addition, if you -- I'm sorry, losing my

20   train of thought here.  I've gotten rusty being off-duty

21   for two months now.  Did the same thing yesterday.

22        Now, if you plead guilt today, you're waiving

23   your right to that trial.  And if Judge Pitman accepts

24   your plea agreement, there won't be a trial.  He'll enter

25   a judgment of guilty, based on the plea, and then, he'll

1    sentence you after he considers the presentence report.

2    In addition, if you plead guilty, Judge Pitman could ask

3    you questions about the offense, and if you answer those

4    while you're under oath and in the presence of your

5    attorney and your answers weren't truthful, then you could

6    be prosecuted for either perjury or making false

7    statements.

8              Do you understand all of that?

9              DEFENDANT ZAMUDIO:  Yes, sir.

10             DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

11             THE COURT:  Mr. Marshall, if you could read the

12   one count in Mr. Zamudio's case.

13             MR. MARSHALL:  United States Attorney charges

14   Count 1:  Beginning in or about January 2017, continuing

15   until on or about December 18, 2018, in the Western

16   District of Texas and elsewhere, the defendant, Carlos

17   Alberto Zamudio, knowingly, intentionally and unlawfully

18   combined, conspired, confederated, and agreed together,

19   with others known and unknown, to possess with intent to

20   distribute a mixture or substance containing a detectable

21   amount of cocaine, a controlled substance, contrary to

22   federal law.

23             THE COURT:  Mr. Zamudio, do you understand that

24   charge?

25             DEFENDANT ZAMUDIO:  Yes, sir.

1        THE COURT:  How do you wish to plead to that

2   charge, guilty or not guilty?

3        DEFENDANT ZAMUDIO:  Guilty.

4        THE COURT:  If you could read the charge in Mr.

5   Dukes' case.

6        MR. MARSHALL:  Grand jury charges Count 1:  On or

7   about March 4, 2019, in Austin, Texas, in the Western

8   District of Texas, the defendant, Irvin Lewis Dukes, being

9   a person who had been convicted of the following felony

10  offense:  Specifically, on April 20, 2004, Mr. Dukes was

11  convicted in the United States District Court for the

12  Western District of Texas on conspiracy and possession

13  with intent to distribute more than five kilos of cocaine,

14  and discharging a firearm in relation to a

15  drug-trafficking crime; thereafter, he was sentenced to

16  incarceration.  He did knowingly and unlawfully possess a

17  firearm on March 4, 2019, and ammunition, all of which had

18  been moved in commerce and affecting commerce, in

19  violation of federal law.

20       THE COURT:  And, Mr. Dukes, do you understand

21  that charge?

22       DEFENDANT DUKES:  Yes, sir.

23       THE COURT:  And how do you wish to plead to that

24  charge, guilty or not guilty?

25       DEFENDANT DUKES:  Guilty.

1          THE COURT:  Finally, Mr. Escboar's superseding
2   information.
3          MR. MARSHALL:  United States Attorney charges:
4   Count 1, on April 8, 2019, at Austin, Texas, in the
5   Western District of Texas and elsewhere, the defendant,
6   Hector Rodriguez Escboar, knowingly, intentionally and
7   unlawfully possessed with intent to distribute a
8   controlled substance, which offense involved a mixture or
9   substance containing a detectable amount of cocaine,
10  Schedule II controlled substance in violation of federal
11  law.
12         THE COURT:  Mr. Escboar, do you understand that
13  charge?
14         DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.
15         THE COURT:  How do you wish to plead to that
16  charge, guilty or not guilty?
17         DEFENDANT RODRIGUEZ ESCOBAR:  Guilty.
18         THE COURT:  Now, are each of you making your plea
19  of guilty freely and voluntarily?
20         DEFENDANT ZAMUDIO:  Yes, sir.
21         DEFENDANT DUKES:  Yes, sir.
22         DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.
23         THE COURT:  And are you pleading guilty to the
24  charge against you because you are guilty and for no other
25  reason?

1           DEFENDANT ZAMUDIO:  Yes, sir.

2           DEFENDANT DUKES:  Yes, sir.

3           DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

4           THE COURT:  Has anyone threatened you or forced

5   you in any way to make you plead guilty?

6           DEFENDANT ZAMUDIO:  No, sir.

7           DEFENDANT DUKES:  No, sir.

8           DEFENDANT RODRIGUEZ ESCOBAR:  No, sir.

9           THE COURT:  And other than the plea agreements

10  that two of you have, has anyone promised you anything

11  that's caused you to plead guilty?

12          DEFENDANT ZAMUDIO:  No, sir.

13          DEFENDANT DUKES:  No, sir.

14          DEFENDANT RODRIGUEZ ESCOBAR:  No, sir.

15          THE COURT:  And I guess, the same thing with

16  conditional plea in your case.  And again, other than

17  those agreements, has anyone made any promises to you

18  about what your sentence will be other than the plea

19  agreement?

20          DEFENDANT ZAMUDIO:  No, sir.

21          THE COURT:  Same question.

22          DEFENDANT DUKES:  No, sir.

23          THE COURT:  No promises about your sentence?

24          DEFENDANT DUKES:  No, sir.

25          DEFENDANT RODRIGUEZ ESCOBAR:  No, sir.

1          THE COURT:  Now, in the plea agreements, Mr.

2    Zamudio, Mr. Escboar, there's a factual statement that's

3    set out there that the government contends are the facts

4    to support the plea.  You've each signed the agreement

5    saying you accept that.  Let me just confirm.  You read

6    through or had translated for you the factual summary in

7    your plea agreement?

8          DEFENDANT ZAMUDIO:  Yes, sir.

9          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

10          THE COURT:  And did you discuss that summary with

11    your attorney, as well?

12          DEFENDANT ZAMUDIO:  Yes, sir.

13          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

14          THE COURT:  Is what is set out there accurate, as

15    far as what happened in your case and what you did?

16          DEFENDANT ZAMUDIO:  Yes, sir.

17          DEFENDANT RODRIGUEZ ESCOBAR:  Yes, sir.

18          THE COURT:  Is there an agreed summary in?

19          MR. MARSHALL:  Yes.  We filed a written factual

20    basis in this case.

21          MS. HERRING:  There is a factual basis filed and

22    I have reviewed that with Mr. Dukes.  At this time,

23    pursuant to United States vs. Mitchell, he wishes to

24    remain silent on any -- specifically allegations related

25    to the supervised release violation, which will be taken

1    up at a later time; but he does admit all of the elements

2    of the offense of conviction, that he has a prior felony

3    conviction and possessed a firearm.

4              THE COURT:  Is that a correct statement, Mr.

5    Dukes?

6              DEFENDANT DUKES:  Yes, sir.

7              THE COURT:  Okay.  Good.

8              Based on all of that, then I do find that in each

9    of these cases, the defendants understand their charges

10   against them, the potential penalty for those charges.

11   They each understand their right to have a trial on the

12   charges, the rights that go with that, and desire to waive

13   those rights and make pleas of guilty.  Each of the

14   defendants is competent to make a guilty plea.  They're

15   each satisfied with their attorney's representation.  And

16   there is a factual basis for each of the pleas.

17             I'll recommend to Judge Pitman that your guilty

18   plea be accepted.

19             Your cases will now be referred to the probation

20   office.  They'll prepare the presentence report, and

21   you'll receive a copy of that through your attorney.  If

22   there are any objections that you all need to raise that

23   can't be worked out between you and your attorney, on the

24   one hand, government's counsel and the probation office,

25   on the other, then the district judge, Judge Pitman, will

1    resolve those disputes before he imposes a sentence.

2         Anything further the Court needs to address in

3    the cases at this time?

4         MR. MARSHALL:  Not from the government.

5         THE COURT:  Mr. Zamudio?  Mr. Escboar?

6         MR. WANNAMAKER:  Mr. Escboar is on bond.

7         THE COURT:  Yeah.  You've both been on conditions

8    of release at this point.  The Pretrial Office is

9    recommending that you continue on those.  I'll just direct

10   that you continue to comply with those conditions

11   following the rest of your case.

12        MR. WANNAMAKER:  Your Honor, we anticipate

13   perhaps filing a motion to modify the travel restrictions

14   that he has.  He's a -- drives a truck and it would

15   enlarge his delivery.

16        THE COURT:  Okay.  Yeah.  And generally that will

17   go before whoever did the conditions of release initially.

18   I don't remember if that was me.

19        MR. WANNAMAKER:  I think it was.

20        THE COURT:  Judge Lane?

21        MR. WANNAMAKER:  Judge Lane.

22        THE COURT:  Okay.  All right.  No problem.

23        MR. WANNAMAKER:  Yes, sir.

24        THE COURT:  Anything else?

25        MR. MARSHALL:  No, sir.

1        THE COURT:  Y'all may be excused.  Thank you.

2        MR. WANNAMAKER:  Thank you, your Honor.

3        (Proceedings conclude at 11:14 a.m.)

4

5

6

7

8

9              REPORTER'S CERTIFICATE

10

11    I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING

12  WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE

13  TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT

14  TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE

15  PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE

16  TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY

17  THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES.

18

19  */s/Lily I. Reznik*                    September 10, 2020

20  LILY I. REZNIK, CRR, RMR               DATE
    Official Court Reporter
21  United States District Court
    Austin Division
22  501 W. 5th Street, Suite 4153
    Austin, Texas 78701
23  (512)391-8792
    SOT Certification No. 4481
24  Expires:  1-31-21

25

*LILY I. REZNIK, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*