UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | A-18-CR-410RP |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| CARLOS ALBERTO ZAMUDIO (17) | § | |
| | § | |
| Defendant. | § | |

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the United States of America, by and through the United States Attorney for the Western District of Texas, and files this Response in Opposition to the Defendant's Motion to Withdraw Guilty Plea (Dkt. #545) and would show the Court as follows:

**PROCEDURAL HISTORY**

On December 18, 2018, the Grand Jury returned a one count indictment charging the Defendant in with conspiracy to possess with intent to distribute one kilogram or more of cocaine in violation of Title 21, United States Code, Section 846. (Dkt. #67). This charge carries a statutory range of punishment of not less than 5 years nor more than 40 years.

On October 3, 2019, pursuant to a written plea agreement, the Defendant entered a plea to a superseding information in exchange for the Government's dismissal of the mandatory minimum five year sentence and an agreed recommendation for a sentence of not more than 24

1

months imprisonment. (Dkt. # 327). On October 30, 2019, this Court accepted Defendant's plea. (Dkt. # 356).

On November 6, 2019, the U.S. Probation department disclosed the initial presentence report (PSR) finding that the adjusted guideline range to be 37-46 months. (Dkt. #360, ¶93).

On November 14, 2019, Defendant filed a motion to substitute counsel which was granted the next day. (Dkt. #s 370 & 371). On November 20, 2019, the Court granted Defendant's unopposed motion to continue sentencing based on new counsel's recent assignment to the case and need for more time. (Dkt. #s 373 & 374).

On January 23, 2020, Defendant filed an objection to the pre-sentence report disputing the context of a telephone call between the Defendant and a coconspirator. Defendant contested the context of the conversation as it related to the amount of cocaine Defendant was requesting to purchase in disputing the relevant conduct calculation. (Dkt. # 466-2).

On February 12, 2020, the Defendant filed an unopposed second motion to continue sentencing based in part on "[w]e intended to seek a brief continuance to try and meet the requirements for U.S.S.G. §5C1.2 (safety valve)." (Dkt. #468).

Due to the COVID-19 pandemic, this Court twice continued the settings for all Defendants in this case. (Dkt. #s 498 & 525). On September 3, 2020, the Defendant filed a motion seeking to withdraw his plea of guilty. (Dkt. #545).

## ARGUMENT AND AUTHORITIES

Federal Rule of Criminal Procedure 11(d) provides:

Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:

(1) before the court accepts the plea, for any reason or no reason; or

(2) after the court accepts the plea, but before it imposes sentence if:

> (A) the court rejects a plea agreement under Rule 11(c)(5); or

> (B) the defendant can show a fair and just reason for requesting the withdrawal.

Courts have considered various elements and factors when applying this standard commonly known as the *Carr* factors. The factors that should be considered when applying this standard are: (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Furthermore, in making a motion to withdraw a plea, the *Carr*" factors "are considered for the totality of the circumstances, and the district court is not required to make a finding as to each individual factor." *United States v. McKnight,* 570 F.3d 641, 645–46 (5th Cir. 2009). "[T]he defendant has the burden of proving the withdrawal is justified." *Id.*

When courts apply the factors enumerated above, certain guidelines are helpful. *United States v. Morrow,* 537 F.2d 120, 146 (5th Cir. 1976). For example, the longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion. *Id.* It is well settled that there is no absolute right to withdraw a guilty plea before the

imposition of sentence. Instead, the right to do so is within the sound discretion of the trial court which will be reversed by an appellate court only for an abuse of that discretion.

*Id.; See also United States v. Simmons,* 497 F.2d 177 (5th Cir. 1974).

When applying the *Carr* factors to this case, the Defendant's request necessarily fails:

**(1)  Defendant's Assertion of Innocence**

Defendant does not now nor has he at any point asserted that he is innocent. He instead makes the vague claim that upon now reviewing the evidence, he would not have plead guilty thus making the argument that he now believes the evidence is insufficient and not, as required, that he is actually innocent. Furthermore, a mere assertion of innocence, absent a substantial supporting record, would not be sufficient to overturn a denial of a motion to withdraw. *Carr,* 740 F.2d at 344. Defendant also bases his motion on the fact that other co-Defendants received non-custodial sentences indicating, not his innocence, but his belief that he should have been afforded the same consideration. His dissatisfaction with the terms of his plea does not amount to changed circumstances supporting withdrawal.

Thus, the Defendant's failure to claim his innocence, much less any assertion to that effect alone favors denying his motion to withdraw.

**(2)  Whether the Government Would Suffer Prejudice**

In this instance the prosecutor, investigators, and agents have moved on to other pressing matters in reliance of Defendant's knowing and voluntary guilty plea. The Government has secured written plea agreements that are on file as to all of the other co-defendants and this Court has proceeded through sentencing on a number of them. As of this submission, the availability of the confidential informant and other potential cooperating Defendants is unknown. Defendant has been informed that in addition to the telephone calls, at least one co-defendant is prepared to

testify against him. While this factor weighs in favor of the Government, other than the passage of time, this reason is not insurmountable.

Regardless, *Carr* makes clear that the absence of prejudice to the Government does not necessarily justify reversing the district court's decision to deny a motion to withdraw a guilty plea. *Carr,* 740 F.2d at 344.

**(3)  Defendant's Delay in Filing Withdrawal Motion**

The Defendant made his intentions known to the Court on September 2, 2020. Thus, the period from October 3, 2019 to September 2, 2020 and following the publication of the initial presentence report on November 6, 2019 encompassed a period of 11 months between entry of the plea, disclosure of the presentence report and the Defendant's notice of request to withdraw.

In *Carr*, the Fifth Circuit found that delay of twenty-two days before filing a motion for withdrawal of a guilty plea weighed against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345.(*see also United States v. Thomas,* 13 F.3d 151, 153 (5th Cir. 1994)(stating that "the six-week delay between entry of the plea and the motion to withdraw is significant"); *United States v. Rinard,* 956 F.2d 85, 88–89 (5th Cir. 1992) (finding that, "given the 69–day delay between [the defendant]'s plea and his verbal motion to withdraw the plea," among other factors, "the district court did not abuse its discretion in denying [the defendant]'s verbal motion to withdraw his guilty plea"); *United States v. Hurtado,* 846 F.2d 995, 997 (5th Cir. 1988) (holding that delay weighed in favor of affirming denial of motion where the defendant "first moved for withdrawal at sentencing, seven weeks after pleading guilty").

The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a

withdrawal if he believes that he made a bad choice in pleading guilty. *Id.  See Hurtado,* 846 F.2d at 997 (rejecting argument that delay was justified because the defendant "had been thinking and meditating [about] how [his] attorney influenced [him]"; *Thomas,* 13 F.3d at 153 ("[The defendant]'s explanation that his plea resulted from bad advice and pressure from his attorney would carry more weight had his withdrawal been prompt."). This is not a case in which, the Defendant had "communicated doubts regarding the guilty plea" soon after he pleaded guilty. *See United States v. McKnight,* 570 F.3d 641, 650 (5th Cir. 2009) (desire to withdraw communicated one day after entry of plea).

Current counsel for the Defendant seeks to accept responsibility for the delay in communicating Defendant's wishes. However, given Defendant's status on pretrial release since his arrest and the eight month delay between new counsel being retained and the current filing is not plausible. Defendant has filed two motions to continue. In neither filing did the Defendant seek to inform the Court of his intention to withdraw. In fact, contrary to his current motion, Defendant claimed he was working to satisfy the safety-valve criteria for a sentencing reduction. (Dkt. # 468). As this Court is aware, among the criteria is the requirement to fully provide the Government with all the information in Defendant's possession.

The Government repeatedly informed Defendant that substitution of counsel is not a valid reason for renegotiation of a previously entered plea agreement. The time that has lapsed, opportunities available to file a request to withdraw and Defendant's brief motion gives rise to the better explanation that Defendant sought delay for the tactical advantage of securing a better outcome.

**(4) Whether or not the Withdrawal Would Substantially Inconvenience the Court / (7) Whether or not the Withdrawal Would Waste Judicial Resources**

The Government would estimate that a trial on the merits of this case would encompass no more than one week's time. The Government is not in a position to opine on the effect that would have on the Court resources, disruption of the Court's budgeted schedule or efforts required to reconfigure the Court's schedule if a trial were required. Given the closure of the Courts in the Western District of Texas due to the COVID-19 outbreak, the Government believes that the energies needed to identify, prepare, select and impanel a jury for cases during the current COVID-19 outbreak are substantial and should the pandemic ease, the backlog of cases awaiting trial would be considerable.

Even a "short time period ... does not necessitate a finding that there is no inconvenience to the district court." *McKnight,* 570 F.3d at 650. A "the district court is in the best position to know the effect that withdrawal has on its resources." *Id.*; Se*e also Carr,* 740 F.2d at 345 ("The district court's assessment of this factor is entitled to substantial deference since it is in the best position to know the effect that the withdrawal had on its resources.").

**(5) Close Assistance of Counsel**

In order for a Defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

The Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).  Ineffective assistance is a basis for invalidating a conviction

under the Sixth Amendment and not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.* The question of whether Defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.*

Mr. James Young, represented the Defendant through entry of the guilty plea, preparation of the PSR and acceptance of the plea by the Court. He is an experienced counsel of practicing before federal courts.[1] Should the Court accept the recommendation, Mr. Young's efforts to secure a recommended sentence concession from the Government potentially saved a minimum 3 years on the statutory minimum sentence.

The Fifth Circuit has found that a Defendant's plea pursuant to a "negotiated a plea agreement" weighs in favor of finding close assistance of counsel. *See McKnight,* 570 F.3d at 646–47. Importantly, at his plea hearing, the Defendant stated that he was satisfied with the assistance of his counsel. *See United States v. Rodriguez,* 306 Fed.Appx. 135, 138 (5th Cir. 2009) (unpublished) (finding no abuse of discretion in denial of motion to withdraw, noting that the defendant "indicated that he was satisfied with the representation of counsel during his plea colloquy"); *United States v. Morris,* 85 Fed.Appx. 373, 374 (5th Cir. 2003) (unpublished) ("There is no support in the record for Defendant's assertion that he did not have close assistance of counsel. Defendant stated at the guilty plea hearing that he was satisfied with his counsel's representation and that his counsel had discussed his entire case with him.").

---

[1] James R. Young practiced law since 1981. He is admitted to every federal district court in Texas, the 5th and 9th Federal Circuits and Tax Courts. He is a Board Certified Criminal Law Specialist.
https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=193121 (last visited on September 9, 2020).

The unsupported claims voiced by Defendant now stand in direct contrast to his sworn testimony before the U.S. Magistrate Judge. (*See Rearraignment Transcript* - Attach. A). Defendant asked no questions or expressed any concerns during his plea colloquy. He maintained he was satisfied with counsel and had had the opportunity to review the evidence. (Attach. A at 10-13). Defendant presents no evidence in the "fact-intensive inquiry" required to prevail.

Defendant also claims that he was not allowed to take any of the discovery home with him and imparts this circumstance to his counsel's failure. Defendant and current counsel are undoubtedly aware of the prohibition against doing so. (*See Court's Protective Order* -Attach. B). Defendant and current counsel have not requested relief from this restraint thus operating under the same conditions as previous counsel of which they now complain. Thus, Defendant's complaint rests on circumstances not within past or current counsels' control.

**(6) Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.' " *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Magistrate Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, the sentencing guidelines and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, the elements of the offense, and his constitutional rights. (*See* Attach. A at 16-17)

Defendant represented that his plea was freely and voluntarily made, and that no one forced him, threatened him, or promised him anything other than what was contained in the plea agreement. The Court went over the statement of facts in support of the plea that were contained within the plea agreement signed by Defendant. Defendant acknowledged that the facts were true and correct, and that he was pleading guilty to the facts as contained in his written plea agreement. (*See* Attach. A at 28-29).

Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt while under oath, Defendant's current assertion that his plea was anything other than knowing and voluntary or the product of coercion/manipulation is contradicted by the record.

A reviewing court gives great weight to the defendant's statements at the plea colloquy. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). There is nothing in the record that would indicate Defendant's plea was not knowingly and voluntarily entered into, as required by *Carr*. 740 F.2d at 344. (*See also United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001)("solemn declarations in open court carry a strong presumption of verity, . . .").

**(7) Reasons why the Defendant Delayed in Making his Withdrawal Motion.**

Defendant's counsel provides vague explanations as to the nearly 8 month delay between the substitution of counsel and filing of Defendant's motion. This is especially significant given

10

the representation that Defendant and counsel have discussed this matter since retention in November 2019 and substitution of counsel was one of the stated reasons for the motion to substitute. (Def. Mot. pg. 4). Defendant filed multiple motions to continue with no mention of a withdraw and has been given additional opportunities to do so due to the COVID-19 pandemic.

Simply put, the Defendant believes he should receive a lesser punishment than the substantial benefit for which he and his original counsel bargained. This is not a "fair and just" reason supporting withdrawal nor does it amount to circumstances not known at the time of the plea. Given the Government's recommendation for a ceiling on possible punishment, Defendant's current counsel should be able to articulate why a sentence less than 24 months is warranted, and if said reasoning is sound, Defendant could receive a sentence more in keeping with his desires.

## CONCLUSION

No *Carr* factor weighs in Defendant's favor. The Court should find that Defendant does not claim actual innocence and that his withdrawal was not prompt, especially given the proven ability to file other motions. Defendant's delay in moving to withdraw, following the publication of the PSR demonstrates a tactical decision and Defendant's belief that he made a bad decision in pleading guilty. This belief is based in part on sentences received by codefendants with different circumstances and request for a renegotiated resolution. Therefore, absence of any claim of innocence and the Defendant's delay in making his claim, without sound reasons for doing so, warrant denying the motion.

WHEREFORE, PREMISIES CONSIDERED, the Government respectfully requests that should DENY the Defendant's request and proceed to sentencing.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY


DOUGLAS W. GARDNER
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, TX  78701
(512) 916-5858
State Bar No. 24007223


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Response to the Defendant's Motion to Withdraw Guilty Plea has been delivered via electronic noticing on this 14th day of September 2020, to the following:

Victor Arana
Attorney at Law


DOUGLAS W. GARDNER
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | A-18-CR-410RP |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| CARLOS ALBERTO ZAMUDIO (17) | § | |
| | § | |
| Defendant. | § | |

O R D E R

On this day came on to be heard the Government's Response to Defendant's Motion to Withdraw Guilty Plea, and the Court having considered said motion, and the Government's response, hereby:

ORDERS that Defendant's Motion be DENIED and the Court shall proceed to sentencing.

SIGNED this _____ day of _____, 2020.


_____
HON. ROBERT PITMAN
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION