IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

JAN 2 8 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

<u>SEALED</u>

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION | ) | |
| OF THE UNITED STATES OF AMERICA | ) | |
| FOR AN ORDER AUTHORIZING THE | ) | CASE NO. A-18-CR-410RP |
| DISCLOSURE OF INTERCEPTED WIRE | ) | |
| AND ELECTRONIC COMMUNICATIONS | ) | [A-17-CR-322, |
| | ) | A-17-CR-358, |
| | ) | A-18-CR-024, |
| | ) | A-18-CR-051, |
| | ) | A-18-CR-105, |
| | ) | A-18-CR-152, |
| | ) | A-18-CR-259] |

## ORDER AUTHORIZING THE DISCLOSURE OF
## INTERCEPTED WIRE AND ELECTRONIC COMMUNICATIONS

Application under penalty of perjury having been made before me by Douglas W. Gardner, an "investigative or law enforcement officer" as defined in 18 U.S.C. § 2510(7) and an "attorney for the government" as defined in Rule 1(b) of the Federal Rules of Criminal Procedure, for an order authorizing the disclosure of applications, orders and intercepted communications, intercepted pursuant to 21 U.S.C. §§ 846 and 841(a)(1), and full consideration having been given to the matters set forth herein, the Court finds:

A.    There is good and sufficient cause to disclose wire and electronic communications intercepted over the cellular telephones utilized by MICHAEL LEON BELL, et. al., and others, pursuant to orders of this Court. Such disclosure of the wire and electronic communications may be provided for purposes of indictment and providing discovery to the attorneys of any indicted defendants who are not fugitives in this case which will enable the defendants to adequately prepare a defense in this case or to knowledgeably enter into a plea agreement.

B.    To protect the identity of unindicted innocent third parties, confidential sources and to ensure that the information is solely utilized for the purpose of preparing a lawful defense, the following restrictions are placed on this disclosure unless and until further ordered by the Court:

1)    All attorneys who are provided a copy of sealed wire and electronic communications, affidavits, applications and orders by the government shall ensure that no disclosure of these communications is made to outside parties (such as friends or family members of the defendants) and that such copies shall be used solely to prepare a defense for the defendant.

2)    The attorneys shall ensure that if these wire and electronic communications and sealed documents are shared with their clients that no copies of the wire and electronic communications and sealed documents will be left at the jail or will be allowed to leave the attorney's office with defendants

or their associates where such copies would be subject to being shared with outside individuals. The attorneys shall further notify their clients of the limitations placed on the disclosure of such information.

C.    Nothing in this order shall affect the disclosure of information relating to intercepted communications, the disclosure of which would otherwise be lawful under 18 U.S.C. § 2517.

D.    Wherefore, it is hereby ordered that Douglas W. Gardner and the authorized law enforcement officers working with Mr. Gardner in preparing the investigation in this case, are authorized, pursuant to an application made by Douglas W. Gardner pursuant to authority set forth in 18 U.S.C. §§ 2516(1) and (3) and 2518(8)(b) to disclose intercepted wire and electronic communications in connection with the proceedings heretofore described.

E.    This Order and Motion shall remain sealed with the previously sealed documents in this matter save that the United States Attorney's Office may share a copy of the Court's Order when providing copies of wire and electronic communications and sealed documents to the attorneys in this case in order to indicate the limitations placed on the disclosure of the wire and electronic communications and sealed documents.

1/23/19
DATE

ROBERT PITMAN
UNITED STATES DISTRICT COURT JUDGE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION